**URE LAW FIRM**
8280 Florence Avenue, Suite 200
Downey, California 90240
Telephone: (213) 202-6070
Facsimile: (213) 788-202-6075
Thomas B. Ure – State Bar No. 170492
tom@urelawfirm.com
Proposed Counsel for Debtor

FILED & ENTERED

OCT 02 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY penning DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

IN RE:

Marmar Bedford, LLC,

Debtor and Debtor in Possession.

Case No.: 2:26-bk-17207-BB

Chapter 11

**ORDER GRANTING IN PART AND DENYING IN PART DEBTOR'S MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL**

Hearing:
DATE: October 1, 2026
TIME: 10:00 a.m.
CRTM: Courtroom 1539
255 E. Temple Street
Los Angeles, CA 90012

Debtor's Motion for Order Authorizing Use of Cash Collateral [Docket 31] ("Motion") came on for hearing on October 1, 2026 at 10:00 a.m. ("Hearing"), before the Honorable Sheri Bluebond, United States Bankruptcy Judge, in Courtroom 1539, located at 255 E. Temple Street, Los Angeles, CA 90012. Appearances, if any, were made as indicated in the recorded transcript of the Hearing.

Based upon the findings and conclusions made at the hearing,

**IT IS HEREBY ORDERED as follows:**

1. The Motion is GRANTED solely to the extent set forth herein and is DENIED in all other respects.
2. The Debtor is authorized to use cash collateral in amounts not to exceed those set forth in the budget that was attached to the Motion, plus a 10 percent variance, solely to pay common area

expenses and expenses attributable to the building as a whole during the period commencing on October 1, 2026, and ending on the date that a chapter 11 trustee (the "Trustee") files a notice of acceptance of an appointment (the "Acceptance Date").

3. After the Acceptance Date, the Trustee or, if the Trustee expressly so authorizes in writing in advance, the Debtor, may continue to use cash collateral for the same purposes and subject to the same limitations for a 30-day period commencing on the Acceptance Date without obtaining a further order of the Court.

4. All creditors that hold a lien against the cash collateral are hereby granted fully perfected replacement liens against all assets of the bankruptcy estate, other than avoiding power actions and recoveries in those actions, to secure the amount of any diminution in their cash collateral resulting from its use pursuant to this order, which liens shall have the same validity and priority as their prepetition liens.

5. The Motion is DENIED to the extent it seeks authority to pay any of the following from cash collateral:

   a. expenses attributable to a single unit or multiple units, but not to the entire building;
   b. any expense that is payable to, either directly or indirectly, or for the benefit of, any insider or affiliate of Debtor, including, but not limited to, Marmar Realty Inc., Marmar Development LLC, Marmar Corning, LLC, and BZH Properties; or
   c. any unsecured property tax bills.

###

Date: October 2, 2026

Sheri Bluebond
United States Bankruptcy Judge